IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02790-PAB-MJW
(*Consolidated with Civil Action No. 08-cv-02794-PAB-MJW*)

JORDAN-ARAPAHOE, LLP, a Colorado limited liability partnership,
JACOB MAZIN COMPANY, a Colorado Corporation,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE, COLORADO,

    Defendant.
_____

**ORDER CONSOLIDATING CASES**
_____

    This matter is before the Court *sua sponte*. Plaintiff Jordan-Arapahoe, LLP, filed a Notice of Case Association [Docket No. 5]. The related case, Civil Action No. 08-cv-02794, is also pending in this District. After reviewing the pleadings in each case and for the reasons detailed below, I conclude that consolidation is appropriate under Federal Rule of Civil Procedure 42(a).

    Rule 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions . . . ." Fed. R. Civ. P. 42(a)(2). The decision whether to consolidate such actions is committed to the sound discretion of the trial court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). A district court may consolidate related cases *sua sponte*. *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999). The purpose of Rule 42(a) is "to give the

court broad discretion to decide how cases on its docket are to be tried so that the business of the court may be dispatched with expedition and economy while providing justice to the parties." *Breaux v. American Family Mut. Ins. Co.*, 220 F.R.D. 366, 367 (D. Colo. 2004) (quoting 9 C. Wright & A. Miller, Federal Practice & Procedure § 2381 at 427 (2nd ed.1995)). I therefore consider both judicial economy and fairness to the parties in the exercise of my discretion under Rule 42(a). *See Harris v. Illinois-California Express, Inc.*, 687 F.2d 1361, 1368 (10th Cir. 1982).

Here, the two cases in question involve the same facts and common questions of law. Both cases allege virtually identical claims against the same defendant. The only evident difference is the identity of the plaintiffs. Both plaintiffs, however, appear to have similar interests because they are adjacent landowners that challenge the same zoning action by defendant and are represented, in part, by the same law firm. I discern no evidence that consolidation will result in any inequity for either the plaintiffs or the defendant. Further, consolidation will serve the interests of judicial economy and avoid the possibility of inconsistent rulings or judgments. Civil Action No. 08-cv-02794 will therefore be consolidated with the instant case.

Accordingly, it is

**ORDERED** that, pursuant to Fed. R. Civ. P. 42(a) and D.C.COLO.LCivR 42.1, Civil Action Nos. 08-cv-02790-PAB-MJW and 08-cv-02794-CMA shall be consolidated. It is further

**ORDERED** that, pursuant to D.C.COLO.LCivR 42.1, Civil Action No. 08-cv-02794 shall be assigned to Judge Philip A. Brimmer. It is further

**ORDERED** that Civil Action No. 08-cv-02794 shall hereafter be referred to the magistrate judge assigned to the lowest numbered case, Magistrate Judge Michael J. Watanabe. It is further

**ORDERED** that, from the date of this Order, all pleadings and other papers shall be filed in this case only, and the parties shall use the caption appearing in this Order. It is further

**ORDERED** that the clerk shall docket a copy of this Order in Civil Action No. 08-cv-02794.

DATED February 5, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge
