IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 08-cv-02790-PAB-MJW
(Consolidated with Civil Action No. 08-cv-02794-PAB-MJW)

JORDAN-ARAPAHOE, LLP, a Colorado limited liability partnership,
JACOB MAZIN COMPANY, INC., a Colorado Corporation,

    Plaintiffs,

v.

BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF ARAPAHOE, COLORADO,

    Defendant.

_____

**ORDER**
_____

This matter comes before me on plaintiffs' motion to alter judgment ("Mot. to Alter J.") [Docket No. 34] and motion for leave to file an amended complaint ("Mot. to Am.") [Docket No. 33]. Plaintiffs failed to comply with Local Rule of Practice 7.1, which is a sufficient ground for denying both motions. When the motions are considered on the merits, they fail to provide an adequate basis for altering the judgment and granting plaintiffs leave to amend their complaint.

This Court granted defendant's motion to dismiss [Docket No. 9] on September 9, 2009, and judgment entered against plaintiffs on September 11, 2009. [Docket No. 32]. Plaintiffs filed their motion to alter judgment within ten days of the entry of judgment. [Docket No. 34]. Consequently, their motion falls under the purview of Federal Rule of Civil Procedure 59(e). A party is justified in bringing such a motion

when there has been "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir.1995)).

Here, the plaintiffs have not presented an adequate justification for this Court to alter or amend its judgment.  The substance of their motion does nothing more than "revisit issues already addressed or advance arguments that could have been raised in prior briefing." *Id.*  Plaintiffs argue that the Court misapprehended the controlling law.  Their argument, however, essentially boils down to a re-argument of the case.  The Court considered the substance of the arguments when ruling on defendant's motion to dismiss, taking up the main points and addressing the primary authorities the plaintiffs again rely upon in revisiting their arguments.  Plaintiffs' disagreement with the Court's application of law to their case does not qualify as demonstrating clear legal error or misapprehension of the relevant legal authorities.

Plaintiffs also claim that "new evidence is available due to the depositions taken during the months of July and August, and due to the recent Third Supplemental Disclosures disclosed by Defendants."  Mot. to Alter J. [Docket No. 34].  Plaintiffs provide no explanation of who noticed the depositions or why the depositions were scheduled for July and August.  Plaintiffs then simply excerpt the sections of an amended complaint containing the "new" evidence and state that the Court should consider it.  *Id.* at 15-16.  They present no argument that the evidence is "newly discovered" for purposes of a Rule 59(e) motion.  *See Bell v. Board Of County Com'rs Of Jefferson County*, 451 F.3d 1097, 1102 (10th Cir. 2006) ("Rule 59(e) motions may

be based either on (1) evidence arising after the initial ruling (in which event the party's diligence in seeking the evidence is obviously not a consideration) or (2) evidence available but not discovered at the time of the initial ruling (in which event the moving party must show it diligently sought the evidence earlier)."). In short, plaintiffs have failed to demonstrate that the Court "has misapprehended the facts, a party's position, or the controlling law." *Servants of the Paraclete*, 204 F.3d at 1009.

Plaintiffs have also failed to provide grounds justifying a grant of the motion for leave to amend their complaint [Docket No. 33]. In their motion, plaintiffs imply that they are still permitted to amend as of right. *See* Mot. to Am. at 2. After this Court granted defendant's motion to dismiss, however, plaintiffs could only amend "by leave of court or by written consent of the adverse party." *Glenn v. First Nat. Bank in Grand Junction*, 868 F.2d 368, 370 (10th Cir. 1989); *see Calderon v. Kansas Dept. of Soc. and Rehab. Servs.*, 181 F.3d 1180, 1185 (10th Cir. 1999). Plaintiffs present no independent basis that would justify granting them such leave, relying again on the same "new" evidence. Plaintiffs do little more than assert that the facts were not previously known and have been recently discovered, without explanation of why they could not have been discovered or presented earlier. Without more, the Court finds no basis to upset the judgment and, accordingly, will not grant leave to amend the complaint. *See The Tool Box, Inc. v. Ogden City Corp.*, 419 F.3d 1084, 1087 (10th Cir. 2005) ("This court has repeatedly and unequivocally held that, once judgment is entered, the filing of an amended complaint is not permissible until judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b).") (citations, alteration mark, and internal quotation marks omitted).

In light of plaintiffs' failure to comply with Local Rule of Practice 7.1, and as supported by the foregoing alternative reasons, it is

**ORDERED** that plaintiffs' motion to alter judgment [Docket No. 34] is **DENIED**. It is further

**ORDERED** that plaintiffs' motion for leave to amend their complaint [Docket No. 33] is **DENIED**.

DATED October 29, 2009.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge